UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2010 MAR 24 AM 11: 49

| | |
|---|---|
| GENERAL CASUALTY INSURANCE, | ) |
| Plaintiff, | ) ) ) |
| v. | CASE NO.: 2 10CV 134 ) ) |
| COMPTON CONSTRUCTION CO., INC. and MARY ANN ZUBAK | ) ) ) ) |
| Defendants. | ) |

### COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, General Casualty Insurance, by counsel, and for its Declaratory Judgment Complaint against Defendants, Compton Construction Co., Inc. and Mary Ann Zubak, states and alleges as follows:

### I. PARTIES & JURISDICTION

1. General Casualty Insurance ("General Casualty") is a Wisconsin citizen and corporation with its principal headquarters located at One General Drive, Sun Prairie, Wisconsin 53590. General Casualty is duly authorized to transact insurance business in the State of Indiana.

2. Defendant, Compton Construction Co., Inc. ("Compton"), is an Indiana citizen and corporation with its principal headquarters located at 1233 Slager Driver, Schererville, Indiana 46375.

3. Defendant, Mary Ann Zubak ("Zubak"), is an Indiana citizen who resides in Crown Point, Indiana.

4. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000.00).

5. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332(a).

6. This Court has personal jurisdiction over Compton and Zubak.

7. Venue lies in this Court pursuant to 28 U.S.C. § 1391(a).

## II. FACTS COMMON TO ALL COUNTS

8. General Casualty herein incorporates by reference the allegations contained within rhetorical Paragraphs 1 through 7 of this Complaint.

9. General Casualty issued to Compton a Commercial General Liability Policy, under Policy Number CCI 0334142 01 13 (the "Policy"). A true, accurate and complete certified copy of the Policy, including the declarations page, is attached hereto and incorporated by reference as Exhibit A.

10. At all relevant times herein, Zubak owned the property located at 1185 Driftwood Trail, Crown Point, Indiana (the "Property").

11. On or about May 7, 2002, Zubak and Compton entered into a Construction Contract ("Contract") for the construction of a new home on the Property. A copy of the contract is attached hereto and incorporated by reference as Exhibit B.

12. After Zubak moved into her home, she found cracks in the drywall, separation of the foundation, gaps in the flooring, and/or other damage to the home and its fixtures.

13. On October 30, 2009, Zubak filed a Complaint and Jury Demand in the Lake County Superior Court (Cause No. 45D05-0910-PL-077) against Compton for breach of contract, negligence, breach of statutory warranty, and breach of implied warranty of habitability

(the "Underlying Action"). A copy of the Complaint is attached hereto and incorporated by reference as Exhibit C.

14. Zubak alleges that Compton prepared and/or installed soil for the foundation of the new home and set the foundation in a defective manner, which subsequently caused the foundation to buckle, shift, or move leading to severe damage to the home.

15. An actual controversy exists between General Casualty, Compton, and Zubak concerning whether General Casualty has a duty under the Policy to defend Compton in the Underlying Action and provide liability coverage.

16. General Casualty brings this declaratory judgment action in order that the rights and obligations of the parties hereto be declared and determined.

17. General Casualty brings this action against all Defendants herein so that they may respond as to any interest they may have.

### III. APPLICABLE GENERAL CASUALTY POLICY LANGUAGE

18. The Policy states within the Coverages section:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1. Insuring Agreement**

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

            (1) The amount we will pay for damages is limited to as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
(2) The "bodily injury" or "property damage" occurs during the policy period.

**2. Exclusions**

This insurance does not apply to:

. . . . . . .

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

. . . . . . .

j. **Damage To Property**

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

. . . . . . .

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

k. **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

4

   l. **Damage To Your Work**

     "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

     This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

   m. **Damage To Impaired Property Or Property Not Physically Injured**

     "Property damage" to "impaired property" or property that has not been physically injured arising out of:

       (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
       (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

     . . . . . .

   n. **Recall Of Products, Work Or Impaired Property**

     Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

       (1) "Your product";
       (2) "Your work"; or
       (3) "Impaired property" . . .

(Exhibit A).

   19. The Policy states within the Definitions section:

**SECTION V – DEFINITIONS**

. . . . . .

   8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

     a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
     b. You have failed to fulfill the terms of a contract or agreement;

5

if such property can be restored to use by:

    a. The repair, replacement, adjustment or removal of "your product" or "your work"; or
    b. Your fulfilling the terms of the contract or agreement.

. . . . . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . . . . .

16. "Products-completed operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" . . .

. . . . . .

20. "Your product" means:

    a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        (1) You;
        (2) Others trading under your name; . . .

21. "Your work" means:

    a. Work or operations performed by you or on your behalf; and
    b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
    b. The providing of or failure to provide warnings or instructions.

(Exhibit A).

20. Pursuant to these exclusions, Compton is excluded from coverage under the Policy.

## IV. DEMAND FOR RELIEF

WHEREFORE, General Casualty prays and requests that this Court enter a judgment declaring the respective rights, liabilities and policy coverage of the parties hereto, including, but without limitation, declaring as follows:

1. That General Casualty has no duty under the Policy to provide indemnity coverage to Compton in the Underlying Action;

2. That General Casualty has no duty under the Policy to defend Compton in the Underlying Action; and

3. For all other relief in General Casualty's favor as are just and proper in the premises.

Respectfully submitted,

GOODIN ABERNATHY, LLP

By: _____
James A. Goodin
Attorney for General Casualty Insurance

James A. Goodin (Attorney No. 7203-49)
GOODIN ABERNATHY, LLP
8900 Keystone Crossing, Suite 1100
Indianapolis, IN 46240
Phone: (317) 843-2606
Facsimile: (317) 574-3095
Email: jgoodin@gamlawyers.com

30-620