UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| GENERAL CASUALTY INSURANCE, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | CAUSE NO.: 2:10-CV-134-TLS |
| COMPTON CONSTRUCTION CO., INC. and MARY ANN ZUBAK, | ) ) ) |  |
| Defendants. | ) ) |  |

**OPINION AND ORDER**

This matter is before the court on the Plaintiff's Motion for Summary Judgment [ECF No. 18] filed on August 18, 2010, along with a Brief in Support [ECF No. 19]. On September 17, 2010, Defendant Compton Construction Company (Compton) filed a Response [ECF No. 20] and Memorandum in Opposition [ECF No. 21] and Defendant Zubak filed a Memorandum in Opposition [ECF No. 22]. On October 18, 2010, Defendant Compton filed a Supplement to its Memorandum [ECF No. 24].[1] The Plaintiff did not file a reply or any other brief after its initial Brief in Support. The Plaintiff's Motion is fully briefed and for the reasons stated below the Court will deny the Motion.

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure state that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The motion should be granted so long as no

---

[1] Defendant Compton sought Leave to Supplement its Memorandum [ECF No. 23], which Judge Rodovich granted in a November 4, 2010, Order [ECF No. 25].

rational fact finder could return a verdict in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249–50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* N.D. Ind. L.R. 56.1(a) (stating that the movant must provide a "Statement of Material Facts" that identifies the facts that the moving party contends are not genuinely disputed). In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed in Rule 56 to designate specific material facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, the court must construe all facts in a light most favorable to the nonmoving party and view all reasonable inferences in that party's favor. *See Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000).

## PROCEDURAL BACKGROUND

In May 2002, Defendant Zubak entered into a contract with Defendant Compton for the construction of a new home to be located at 1185 Driftwood Trail, Crown Point, Indiana. Defendant Compton contracted with Louis K. Walter & Associates to test the soil at the construction site and Robert Neises Construction Corporation to excavate the site and set the foundation. At some point after Defendant Zubak started living in her new house, she alleges that there was a problem with the foundation and the home buckled, shifted, twisted, and otherwise

moved causing severe damage to her house and its fixtures. On October 30, 2009, Defendant Zubak, then Plaintiff Zubak, filed a complaint against Defendant Compton in Lake Superior Court, as Cause Number 45D05-0910-PL-077, alleging breach of contract, negligence, breach of statutory warranty, and breach of implied warranty of habitability. She did not allege personal injury or property damage beyond damage to the house. The Plaintiff brought this diversity suit for declaratory relief that its insurance policy does not require it to provide indemnity coverage to, or defend, Defendant Compton in Defendant Zubak's state law action.

## STATEMENT OF MATERIAL FACTS

The Plaintiff issued a Commercial General Liability Policy ("CGL"), Policy Number CCI 0334142 (Policy), to the Defendant for the policy period from February 8, 2002, to February 8, 2003. The Policy included in its relevant parts:

> SECTION I – COVERAGES
> COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
> 1. Insuring Agreement
>     . . .
>     b. This insurance applies to "bodily injury" and "property damage" only if:
>     (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>     (2) The "bodily injury" or "property damage" occurs during the policy period.
>     . . .
> 2. Exclusions
>     This insurance does not apply to:
>     . . .
>     k. Damage To Your Product
>     "Property damage" to "your product" arising out of it or any part of it.
>     l. Damage To Your Work
>     "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
>     This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

3

(Commercial General Liability Coverage Form, 1, 4, ECF No. 19-3.)

**MOTION FOR SUMMARY JUDGMENT ANALYSIS**

The Plaintiff argues it is entitled to judgment as a matter of law that it is not liable to provide indemnity coverage to Defendant Compton and has no duty to defend Defendant Compton in Lake Superior Court. Defendant Compton responds that the Plaintiff is not entitled to judgment as a matter of law in light of the Indiana Supreme Court's September 30, 2010, ruling in *Sheehan Construction, Inc. v. Continental Casualty Co.*, 935 N.E.2d 160 (Ind. 2010).[2] Defendant Zubak responds that her allegations of subcontractor negligence make this case distinguishable from the caselaw the Plaintiff cited in support of its Motion.

The Plaintiff relies heavily on *Indiana Insurance Co. v. DeZutti*, 408 N.E.2d 1275 (Ind. 1980), in support of its Motion. Defendant Compton argues that the parts of *DeZutti* on which the Plaintiff relies have been superceded by *Sheehan Construction*.[3] The Defendant is correct that in *Sheehan Construction* the Indiana Supreme Court clarified its holding in *DeZutti* as narrower than it had been construed in cases such as *R.N. Thompson & Assocs., Inc. v. Monroe Guar. Ins. Co.*, 686 N.E.2d 160 (Ind. Ct. App. 1997), on which the Plaintiff also relies. *Sheehan Construction*, 935 N.E.2d at 165–68. The Indiana Supreme Court clarified that "'CGL policies generally do not cover contract claims arising out of the insured's defective work or product, but this is by operation of the CGL's business risk exclusions, not because a loss actionable only in contract can never be the

---

[2] Defendant Compton and Defendant Zubak originally relied on the *Sheehan Construction* case as decided by the Indiana Court of Appeals, 908 N.E.2d 305 (Ind. Ct. App. 2009). Defendant Compton's Supplement alerted the Court to the Indiana Supreme Court's decision in *Sheehan Construction*, which supplants the Defendants' reliance on the Indiana Court of Appeals decision in their earlier briefing.

[3] The Plaintiff did not address the *Sheehan Construction* case.

4

result of an 'occurrence' within the meaning of the CGL's initial grant of coverage.'" *Id.* at 167 (quoting *Am. Family Mut. Ins. Co. v. Am. Girl, Inc.*, 673 N.W.2d 65, 76 (Wisc. 2004)).

The *Sheehan Construction* Court considered policy terms identical to the policy terms at issue in this case and injury allegations similar to those Defendant Zubak alleges. *Id.* at 163–64. The Indiana Supreme Court reversed summary judgment, which had been granted in favor of the insurer in *Sheehan*, holding that faulty workmanship can constitute an "accident" under a CGL policy, which means any damage would have been caused by an "occurrence" triggering the insurance policy's coverage provisions. *Id.* at 169–70. The Indiana Supreme Court also held that, under identically-worded policy exclusion terms that are at issue in this case, defective subcontractor work could provide the basis for a claim under a CGL policy. *Id.* at 171–72. The allegations in this case are that subcontractor negligence led to Defendant Zubak's injury. Given the *Sheehan Construction* Court's holding, the Court will deny the Plaintiff's Motion because judgment is not appropriate for the Plaintiff as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion for Summary Judgment [ECF No. 18]. The Court SETS a telephonic status conference for Monday, April 18, 2011, at 11:00 AM. The Court will initiate the call.

SO ORDERED on March 16, 2011.

        s/ Theresa L. Springmann
       THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT
       FORT WAYNE DIVISION